NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FERNANDO R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 22-4579 (RK) <br><br> **MEMORANDUM OPINION** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court on Fernando R.'s ("Fernando")[1] appeal from the Commissioner of the Social Security Administration's (the "Commissioner") final decision, which denied Fernando's request for disability insurance benefits. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons below, the Court **AFFIRMS** the Commissioner's decision.

I.     BACKGROUND

    In this appeal, the Court must answer two questions. *First*, did Administrative Law Judge Sharon Allard ("Judge Allard") adequately consider Fernando's obesity in her decision? *Second*, does substantial evidence support Judge Allard's determination of Fernando's residual functional capacity?

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

A.  **PROCEDURAL POSTURE**

Fernando filed an application for a period of disability insurance benefits on June 26, 2019, alleging an onset date of March 31, 2019. (Administrative Record ("AR") at 167–70.)[2] The Social Security Administration (the "Administration") denied the request both initially and on reconsideration. (*Id.* at 88–92, 96–98.) Fernando requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 99.) At a telephonic hearing on April 13, 2021, Judge Allard heard testimony from Fernando, who was represented by counsel, and a vocational expert. (*Id.* at 30–73.) On July 19, 2021, Judge Allard issued a written decision finding Fernando was not disabled. (*Id.* at 12–29.) The Administration's Appeals Council denied Fernando's request to review Judge Allard's decision. (*Id.* at 1–7.) This appeal followed. (ECF No. 1.) The Administrative Record was filed on August 22, 2022 (ECF No. 4), Francisco filed his moving brief on March 16, 2023 (ECF No. 8), and the Commissioner filed an opposition brief on May 1, 2023 (ECF No. 9).

B.  **JUDGE ALLARD'S DECISION**

In her July 19, 2021 opinion, Judge Allard found that Fernando was not disabled under the prevailing Administration regulations. (*See generally* AR at 12–29.) To reach this decision, Judge Allard applied the five-step process for determining whether an individual is disabled as set forth in 20 C.F.R. § 404.1520(a). (*Id.* at 16–17.) At Step One, Judge Allard found that Fernando had not engaged in substantial gainful activity since the alleged onset date, March 31, 2019. (*Id.* at 17 (citing 20 C.F.R. § 404.1571 *et seq.*).) At Step Two, Judge Allard found that Fernando suffered from three severe impairments: visual disturbances, malignant melanoma without recurrence, and obesity. (*Id.* at 17–18 (citing 20 C.F.R. § 404.1520(c)).) At Step Three, Judge Allard determined

---

[2] The Administrative Record ("Record" or "AR") is available at ECF No. 4-1 through 4-7. This Opinion will reference only page numbers in the Record without the corresponding ECF numbers.

2

that Fernando did not have "an impairment or combination of impairments" that qualified under the Administration's listed impairments. (*Id.* at 18–19 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).) As a precursor to Step Four, Judge Allard concluded that Fernando had the residual functional capacity ("RFC") to perform "light work" except that he "cannot operate a commercial vehicle" and cannot perform tasks that "require accurate measurements of distance and speed" or "frequently handle large objects." (*Id.* at 19–25.) At Step Four, Judge Allard found that Fernando "is unable to perform any past relevant work." (*Id.* at 25 (citing 20 C.F.R. § 404.1565).) Finally, at Step Five, Judge Allard heard testimony from a vocational expert and concluded that "there are jobs that exist in significant numbers in the national economy" that Francisco could perform. (*Id.* at 25–26 (citing 20 C.F.R. §§ 404.1569, 404.1569a).) The impartial expert testified that representative jobs Fernando could perform, consistent with Judge Allard's RFC, included a housekeeper, sandwich board carrier, and a silver wrapper. (*Id.*)

This appeal concerns Judge Allard's consideration of Fernando's obesity in her opinion as well as her RFC determination more generally.

Judge Allard discussed Fernando's obesity and took it into account throughout her decision. Fernando, a former commercial driver who drove for a waste removal company from 2008 to 2015 and an environmental service company from 2017 to 2019, measured 5 feet, 11 inches tall and weighed 273 pounds. (*Id.* at 19–20.) At Step Three, Judge Allard noted Fernando's medical records recording his height and weight, which "translated to a Body Mass Index ('BMI') of 38.21." (*Id.* at 19 (citing Ex. 3F/3).) Fernando's physician recommended no treatment for Fernando's obesity, apart from giving him a follow-up plan for weight reduction. (*Id.*) After recognizing that the Administration's regulations do not include obesity as a separate listing, Judge Allard considered whether "functional limitations caused by the [Medically Determinable

3

Impairment] of obesity, either alone or in combination with another impairment(s), may medically equal a listing." (*Id.* (quoting SSR 19-2p, 2019 WL 2374244 (May 20, 2019)).) Judge Allard concluded that "obesity in combination with the claimant's other impairments has not caused functional limitations that medically equal an applicable listing(s)." (*Id.*) In crafting Fernando's RFC, Judge Allard again noted that Fernando's medical provider's sole observation regarding his obesity was that Fernando was "given a follow-up plan for weight reduction." (*Id.* at 23 (citing Ex. 3F/3).) After remarking on this lone treatment note and the absence of any opinion evidence explaining how Fernando's obesity impaired his functioning, Judge Allard found that Fernando's obesity was "an additional 'severe' MDI that only supports limitation to light exertional work, plus nonexertional restrictions," such as "only frequently handl[ing] large objects." (*Id.* at 24 (citing Ex. 4F/4).)

Regarding the RFC determination, Judge Allard first reviewed Fernando's self-reported symptoms and claimed functional limitations. (*Id.* at 20–21.) The ALJ considered Fernando's treatment history — which related almost exclusively to his melanoma — and determined the extent to which the evidence substantiated Fernando's claims and any functional limitations. (*Id.* at 22–24). Fernando underwent radiation treatment on February 19, 2020 to treat melanoma in his right eye, and was discharged from the hospital on the same day in "satisfactory" condition. (*Id.* at 22 (citing Ex. 2F/7–27).) At follow-up visits over the following year, Fernando complained of "flashes and floaters," "eye pain," and "decreased [] vision" in his right eye. (*Id.* at 22–23 (quoting Exs. 2F, 4F).) Fernando's treating physician reported findings of "'fairly extensive' radiation retinopathy and optic neuropathy with 'limited visual potential.'" (*Id.* at 23 (quoting Ex. 4F/4).) The physician also discussed smoking cessation with Fernando. (*Id.* at 23 (quoting Ex. 4F/3).)

4

However, Judge Allard noted that treatment records indicated the functioning of Fernando's left eye remained normal. (*Id.* at 23 (citing Ex. 4F/3 ("left eye findings were normal without vascular leakage or occlusion")).) Judge Allard found that Fernando "retains sufficient vision in the left eye to perform tasks within this [RFP]" and accounted for Fernando's right-eye visual limitations in that Fernando "cannot operate a commercial vehicle, climb ladders, ropes or scaffolds or work around hazards, including moving mechanical parts or at unprotected heights, and he can only perform tasks that do not require accurate measurements of distance and speed." (*Id.* at 24.)[3]

## II.   LEGAL STANDARD

### A.   STANDARD OF REVIEW

The Court reviews the "final decision of the Commissioner of Social Security" to determine whether the Commissioner's findings are "supported by substantial evidence." 42 U.S.C. § 405(g). In the event that the Appeals Council denies a claimant's request for review, "the ALJ's decision is the Commissioner's final decision." *Matthews v. Apfel,* 239 F.3d 589, 592 (3d Cir. 2001) (citation omitted). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)). Put differently, "[i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel,* 225 F.3d 310, 316 (3d Cir. 2000) (quoting *Plummer v. Apfel,*

---

[3] Judge Allard concluded that Fernando's other non-visual complaints — including third window syndrome, bilateral tinnitus, dizziness and vertigo, cognitive dysfunction, migraine headaches, and musculoskeletal complaints — should not be accounted for in the RFC determination because they were "diagnosed based on the claimant's subjective, one-time complaints in July 2020, but with no indication further work-up was done [to] establish definitive diagnoses based on objective clinical findings." (*Id.* at 23 (citing Ex. 3F).)

186 F.3d 422, 427 (3d Cir. 1999)). This evidentiary threshold "is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

The scope of the Court's review of the ALJ's decision is "quite limited." *Id.* On review the Court may not "re-weigh the evidence or impose [its] own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently." *Fargnoli v. Massanari,* 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

### B.   ESTABLISHING ELIGIBILITY FOR DISABILITY INSURANCE BENEFITS

A claimant may establish disability under the Social Security Act by proving they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ applies a well-established "five-step sequential evaluation process," which requires considering whether the claimant:

> (1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is "severe"; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to perform his or her past relevant work; and (5) is able to perform work existing in significant numbers in the national economy."

*McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f)). The claimant bears the burden at the first four steps, at which point it shifts to the Commissioner at Step Five. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019).

6

## III.   DISCUSSION

Fernando appeals the Appeals Council's affirmance of Judge Allard's decision. He argues that Judge Allard committed legal error by failing to account for his obesity in her Step Three and RFC determinations, and that Judge Allard's RFC determination is deficient in a way that precludes meaningful judicial review.

### A.   OBESITY

The Court finds that Judge Allard appropriately considered Fernando's obesity and that her discussion of obesity was sufficient to permit meaningful review.

The Administration's regulations provide that "[o]besity is not a listed impairment; however, the functional limitations caused by the [medically determinable impairment] of obesity, either alone or in combination with another impairment(s), may medically equal a listing. . . . [The ALJ] evaluate[s] each case based on the information in the case record." SSR 19-2p, 2019 WL 2374244, at *1 (May 20, 2019).[4] The regulation further notes that "[o]besity is often associated with musculoskeletal, respiratory, cardiovascular, and endocrine disorders" and lists several impairments which obesity increases the risk of. *Id.* at *3.

The Third Circuit Court of Appeals in *Rutherford v. Barnhart* considered an appeal with facts and arguments analogous to the facts at bar. In *Rutherford*, the claimant made "a general objection to the ALJ's analysis on the ground that it did not consider her obesity . . ." 399 F.3d 546, 552 (3d Cir. 2005). Although the claimant "did not raise obesity as an impairment or limitation before the ALJ," the record contained evidence of the claimant's weight that likely "alert[ed] the ALJ that obesity could be a factor." *Id.* Notwithstanding, the Court affirmed the

---

[4] The Court throughout cites cases that rely on prior versions of the Administration's regulation regarding evaluating obesity in disability claims, such as SSR 02-1P, 2002 WL 34686281 (Sept. 12, 2002). The most recent version was not amended in a way that undermines the holdings in these cases.

ALJ's decision and concluded that remand "would not affect the outcome of the case." *Id.* at 553. On appeal, the claimant had "not specified how [considering obesity] would affect the five-step analysis undertaken by the ALJ, beyond an assertion that her weight makes it more difficult for her to stand, walk and manipulate her hands and fingers." *Id.* The claimant's "generalized response" was insufficient to justify remand for further proceedings before the ALJ. *Id.*

Like the claimant in *Rutherford*, Fernando did not argue obesity as an impairment in the administrative record or before Judge Allard at the hearing (AR at 35–37, 69–73), and on appeal offers no argument as to how Judge Allard should have considered obesity in a way that would have altered her conclusions (*see generally* ECF No. 8 at 6–14). As a different Third Circuit panel held, "remand to reconsider [a claimant's] combined impairments is not required [when she] has relied on the language of [the regulation] stating that obesity *can* impair one's ability to perform basic work activities rather than specifying *how* her obesity or headaches affected her ability to perform basic work activities." *Carter v. Comm'r Soc. Sec.*, 805 F. App'x 140, 143 (3d Cir. 2020) (emphasis in original) (not precedential). Fernando similarly recites the Administration's regulations explaining how obesity can affect the outcome of a Step Three or RFC determination without "point[ing] to any medical evidence that [his] impairments, determinable or not, limit [his] ability to perform work activities." *Id.*

In contrast to the ALJ in *Rutherford*, Judge Allard explicitly considered Fernando's obesity at each Step in her determination. At Step Three, Judge Allard reviewed the medical records related to obesity. (AR at 19 (citing Ex. 3F/3).) She concluded that Fernando, a 5-foot-11-inch-tall man weighing 273 pounds, did not suffer obesity that either alone or in combination "caused functional limitations that medically equal an applicable listing(s)." (*Id.*) In determining Fernando's RFC, Judge Allard reviewed the medical record on obesity (*id.* at 23–24) and his subjective complaints

as they related to his obesity. (*Id.* at 21). This discussion satisfies the bar set for an ALJ's consideration of obesity at each Step. *See also Porter v. Colvin*, No. 14-4004, 2015 WL 1969086, at *16 (D.N.J. Apr. 30, 2015) ("As long as the ALJ considers the impact of obesity along with the impact of Plaintiff's other impairments, the ALJ has properly considered obesity."). The only mention of obesity in the medical records is a short notation that Fernando is obese and was advised on weight management. (AR at 332.) The fact that "none of that medical evidence mentions obesity as contributing to any limitation," *Rutherford*, 399 F.3d at 553 n.5, further bolsters the ALJ's decision.

Also unlike the ALJ in *Rutherford*, Judge Allard ultimately crafted an RFC that accounted for limitations due to Fernando's obesity. Judge Allard's RFC limited Fernando to "light work" with various restrictions on his physical exertions. (AR at 24.) Judge Allard concluded that Fernando's impairments, including obesity, were "consistent with limitation to a range of light work as articulated herein." (*Id.*) Judge Allard's findings were beyond what is legally required. *Nancy M. v. Comm'r of Soc. Sec. Admin.*, No. 21-12813, 2022 WL 3019914, at *7 (D.N.J. July 29, 2022) ("Settled law instructs that obesity, by itself, does not create any duty on the part of ALJs to assess limitations in the RFC absent a claimant affirmatively raising it." (citing *Rutherford*, 399 F.3d at 553)).[5]

Fernando relies heavily on *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500 (3d Cir. 2009) and *Rodriguez v. Comm'r of Soc. Sec.*, No. 17-9429, 2019 WL 397983 (D.N.J. Jan. 30, 2019). (ECF

---

[5] Even had Judge Allard not considered Fernando's obesity explicitly at each Step of her decision, her findings are supported by the fact that she reviewed Fernando's medical records, which considered his obesity. *See Carter*, 805 F. App'x at 143 ("We have found that an ALJ indirectly considered obesity if the medical records relied on were sufficient to alert her that obesity could be a factor in the severity of the impairment."); *Craig B. v. Comm'r of Soc. Sec.*, No. 20-13004, 2022 WL 557883, at *6 (D.N.J. Feb. 23, 2022) (finding that Courts in the District of New Jersey and the Third Circuit "have found the failure to discuss obesity during step three to be harmless error when an ALJ carefully considers a plaintiff's obesity during the RFC analysis").

No. 8 at 7, 9–11.) Both cases resulted in remand in part because the ALJ failed to consider the claimant's obesity. However, those cases differ from the present appeal because, in those cases, it was evident from the record that the claimants' obesity could have been outcome-determinative as the claimants suffered impairments exacerbated by obesity. *See Diaz*, 577 F.3d at 504 ("Diaz's morbid obesity would seem to have exacerbated her joint dysfunction as a matter of common sense, if not medical diagnosis."); *Rodriguez*, 2019 WL 397983, at *4 ("Although the ALJ concluded at step two that Plaintiff suffers from severe musculoskeletal and intestinal impairments, the ALJ fails to explain how Plaintiff's obesity may have affected these comorbid impairments that could have plausibly been intensified by her obesity."). Indeed, the Administration's regulations specify that "[o]besity is often associated with musculoskeletal, respiratory, cardiovascular, and endocrine disorders." SSR 19-2p, 2019 WL 2374244, at *3. Fernando's brief mentions "comorbid impairments" in passing (ECF No. 8 at 9) but does not identify any comorbidity. Apart from obesity, the severe impairments Judge Allard identified at Step Two were "visual disturbances [and] malignant melanoma, without recurrence." (AR at 17.) Fernando does not suggest how his obesity, considered in conjunction with either of these impairments, or any other impairment, would have altered Judge Allard's Step Three analysis finding that it met no listed impairment.

## B.  RFC Determination

Fernando argues that Judge Allard's RFC determination is inadequate because it "never undertakes a function-by-function identification" of Fernando's limitations (ECF No. 8 at 21–22), and that various limitations articulated in the RFC lack definition or rationale (*id.* at 22–25). However, the Court finds that substantial evidence supported Judge Allard's RFC determination, and that Judge Allard's method of determining Fernando's RFC permits meaningful review.

An ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119–20 (3d Cir. 2000)). Instead, the Court must "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Id.* This requirement governs the Court's review of each Step of the ALJ's analysis, including her RFC determination. An ALJ's finding of a claimant's RFC must "be accompanied by a clear and satisfactory explication of the basis on which it rests." *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001) (quoting *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981)).

Judge Allard's RFC determination is supported by substantial evidence here. In evaluating the evidence, Judge Allard considered the subjective, medical, and opinion evidence related to Fernando's left eye, which forms the core of Fernando's treatment history and complaints. Judge Allard considered Fernando's claims of pain, headaches, anxiety, difficulty concentrating, and trouble following instructions due to his impaired vision. (AR at 20–21 (citing Exs. 3E/5–6, 7E).) Judge Allard reviewed the medical records showing Fernando's treatment history, including radiation surgery in his right eye in February 2020, which resulted in pain and vision problems in that eye thereafter. (*Id.* at 21–23 (citing Exs. 1F, 2F, 4F).) Judge Allard considered the opinions of the state agency consultants who found only "non severe" impairments and did not complete RFC assessments, leaving Judge Allard to make her own determination as to Fernando's residual capacity. (*Id.* at 24 (citing 2A, 4A).) Judge Allard concluded that Fernando "retains sufficient vision in the left eye to perform tasks within this residual functional capacity." (*Id.*)

Judge Allard's conclusion was based in part on finding that Fernando was able to take care of his personal grooming, complete chores around his home, and go out independently. (*Id.* at 20–

21 (citing Ex. 3E/1–3).) Judge Allard recounted that Fernando does not employ any "aids or assistive devices" apart from wearing glasses prescribed in 2018. (*Id.* (citing Ex. 3E/7).) Fernando is able to clean his home "to the best of [his] ability" and has the assistance of friends and family in carrying out errands. (*Id.* (citing Ex. 3E/1).) Around his home, Fernando is able to clean "to the best of [his] ability," prepare simple meals, do "indoor chores," and take care of his dishwashing and laundry. (*Id.* (citing Ex. 3E/1–3).) Fernando is able to leave his home independently. (*Id.* (citing Ex. 3E/4).) Given the absence of any functional assessments performed by the treating or consulting physicians, Judge Allard made her own RFC assessment. (*Id.* at 25.) Taking this evidence together, the ALJ crafted an RFC that limited Fernando to "light work" excepting operating a commercial vehicle, climbing ladders, ropes or scaffolds, or working around hazards, and that Fernando should not perform tasks that "require accurate measurements of distance and speed." (*Id.*) These carve-out exceptions were reasonable and supported by the evidence adduced.

Fernando briefly complains that the ALJ does not explain how "the combination of extreme obesity, ischemia, Third Window Syndrome and visual disturbance" resulted in the RFC determination. (ECF No. 8 at 12, 24 n.9.) However in crafting the RFC, the ALJ is only required to consider limitations credibly established by the evidence. *Benjamin v. Comm'r of Soc. Sec.*, No. 17-11719, 2019 WL 351897, at *6–7 (D.N.J. Jan. 29, 2019) ("Although it is true that an ALJ must consider all of a claimant's impairments when assessing her RFC, the non-severe impairments must be established by credible evidence and have demonstrable impact on a claimant's RFC."). As noted above, Judge Allard thoroughly discussed Fernando's obesity. *See* Section III.A, *supra*. Fernando's complaints of right-eye ischemia and visual disturbance were both addressed in Judge Allard's discussion of his visual limitation and findings that his visual capacity in his left eye was undiminished. (AR at 24.) Finally, Judge Allard considered Fernando's subjective complaints of

"Third Window Syndrome" and "dizziness/vertigo" in making her RFC determination, but noted that these symptoms were "diagnosed based on the claimant's subjective, one-time complaints in July 2020, but with no indication further work-up was done [to] establish definitive diagnoses based on objective clinical findings." (*Id.* at 23.) Subjective complaints, even when mentioned by a physician, are not tantamount to credible medical evidence. *See Hatton v. Comm'r of Soc. Sec. Admin.*, 131 F. App'x 877, 879 (3d Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 590 n.2 (4th Cir. 1996)) (not precedential) ("[A] medical source's recitation of subjective complaints is not entitled to any weight."). Therefore, Judge Allard was not required to account for these complaints in her RFC determination.[6]

Finally, the Court disagrees with Fernando's interpretation of SSR 96-8p as requiring Judge Allard's decision to be so particularized requiring that it answer each of the hypothetical questions Fernando poses in his brief. (ECF No. 8 at 21–22 (discussing SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996)).) "Although a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce . . . a detailed statement in writing" or "to make specific, written findings on dozens of individual work function categories." *Bencivengo v. Comm'r of Soc. Sec.*, 251 F.3d 153 (Table), No. 00-1995, slip op. at 4 (3d. Cir. Dec. 19, 2000) (unpublished). Courts in this District have similarly interpreted SSR 96-8p's requirements in a less rigid, formulaic manner than sought

---

[6] Fernando's appeal of Judge Allard's RFC determination suffers the same deficiency as his argument that Judge Allard neglected the evidence of his obesity, as Fernando has not "affirmatively identif[ied] evidence that the impairment imposes additional limitations on his [] functional capabilities." *Gullace v. Colvin*, No. 15-7630, 2017 WL 714356, at *10 (D.N.J. Feb. 23, 2017). This requirement applies with equal force when a plaintiff challenges the ALJ's RFC determination. *See, e.g., Stibgen v. Comm'r of Soc. Sec.*, No. 20-568, 2021 WL 457886, at *3 (D.N.J. Feb. 9, 2021) (finding that plaintiff failed to establish what harm resulted from the ALJ's alleged error because she "largely only repeats the medical evidence that she believes best supports her case" and "argues globally that the evidence of record does not support the RFC determination"); *Nova v. Comm'r of Soc. Sec.*, No. 15-7728, 2017 WL 1365005, at *9 (D.N.J. Apr. 10, 2017) ("Plaintiff does not explain why her obesity should have resulted in a different RFC; Plaintiff simply states that the ALJ failed to consider it . . . .").

by Fernando. *See Stacey S. v. Comm'r of Soc. Sec.*, No. 21-20433, 2022 WL 16834673, at *7 (D.N.J. Nov. 8, 2022) ("While a neat organization of the analysis around each function is preferable, failure by an ALJ to do so is not reversible error where the ALJ explains her RFC findings and those findings are supported by substantial evidence."); *Malcolm v. Comm'r of Soc. Sec.*, No. 16-8646, 2017 WL 5951703, at *19 n.14 (D.N.J. 2017) ("[W]here, as here, the ALJ's RFC determination is supported by substantial evidence, and is accompanied by a clear and satisfactory explication of the basis on which it rests, the Third Circuit does not require strict adherence to the function-by-function analysis set forth in Social Security Ruling 96-8p." (citations and quotations omitted)); *Torres v. Comm'r of Soc. Sec.*, No. 14-6178, 2015 WL 8328346, at *8 (D.N.J. Dec. 8, 2015) (citing *Bencivengo* for the same premise); *Hernandez-Flores v. Comm'r of Soc. Sec.*, No. 13-4738, 2015 WL 4064669, at *6 (D.N.J. July 1, 2015) (same). In this case, Judge Allard's findings were supported by substantial evidence set forth in the record and there exists no factual or legal basis to disturb same. Accordingly, her findings of fact and conclusions of law shall be affirmed.

## IV.  CONCLUSION

Having reviewed the record as a whole, the Court affirms the affirmance of Judge Allard's decision by the Administration's Appeals Council. The Court will issue an order consistent with this Memorandum Opinion.

---
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: August 24, 2023